mortgagor could ratify the sale, and he did. (*Davenport* v. *McChesney*, 86 N. Y., 242.)

"The receiver had no lien upon the chattels at the time of the mortgage sale. (*Ib.*) It is believed, however, notwithstanding some cases apparently to the contrary, that a mortgagee may purchase the mortgaged chattels at a public sale after due notice. The reasons given in *Olcott* v. *Tioga Railroad Company*, are satisfactory, and the opinion there given has been followed. (*Hall* v. *Ditson*, 55 How., 19; *Edmiston* v. *Brucker*, 40 Hun, 256.

"The judgment should be affirmed, with costs."

*S. Brown*, for the appellants.

*E. T. Brackett*, for the respondent.

Opinion by LANDON, J.; LEARNED, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.

---

DANIEL PECK AND OTHERS, APPELLANTS, *v.* CHARLES W. BURWELL, RESPONDENT.

48h 471
j172 NY 301

*Action by the payee against the maker of a note — if the note was given for the accommodation of the payee the maker may prove a total want of consideration as a defense.*

APPEAL from a judgment entered upon the verdict of a jury at the Warren County Circuit.

This action was instituted by the plaintiffs, as the payees, against the defendant, as the maker of a promissory note, of which the following is a copy:

"$375.                    "SCHROON LAKE, *February* 11, 1887.

"Four months after date I promise to pay to the order of D. Peck & Co., three hundred and seventy-five dollars, at the First National Bank Glens Falls. Value received.

                    "C. W. BURWELL,
                              "*Agent.*"

The defense interposed at the trial was, in substance, that the note was executed by the defendant under an agreement between the parties, maker and payees, that the maker should sign the note as

agent for the accommodation of the payees, but that the maker should not become personally liable thereupon. It appeared, on the trial, that when the note was given the plaintiffs, represented by Walter M. Peck, who was one of the partners of the firm of D. Peck & Co., had applied to the defendant to obtain payment of a promissory note which they held against the estate of John D. Burwell, deceased, who died intestate, and as to whose estate no letters of administration had been granted. Such note was not, however, surrendered. The defendant is the son of the intestate. Two witnesses only were examined upon the trial and each gave his version of the transaction.

The court, after stating the testimony given by these witnesses, said: "The evidence was so far contradictory as to present a fair question for the consideration of the jury, and the court committed no error in thus submitting the same, provided the defendant's theory in regard to the legal effect of such agreement, if established, can be regarded sound. This action being between the maker and payees of the note, the consideration became a legitimate subject of inquiry. The note, according to the defendant's theory, which he claims to have supported by the evidence and confirmed by the verdict of the jury, was given purely for the accommodation of the plaintiffs. Assuming such to be the case, we are convinced that the defense was available to the defendant, because, if true, as between the immediate parties to the note, there was no consideration therefor. The parties could make such an agreement, and, if they did so, certainly there would be no justice in holding the defendant liable for the debt. The evidence discloses that the note, which was given by the father of the defendant, has not been surrendered, but continues a claim against his estate, to be collected therefrom provided there shall be sufficient for that purpose. It does not appear that the plaintiffs parted with anything of value which could constitute a consideration for the defendant's signature to the note in question. It is not shown that the defendant has received or is likely to receive any amount from the estate of his father. Keeping in mind the facts that the agreement relied upon by the defendant was entered into at the time the note was executed, and between the defendant as maker and the plaintiffs as payees, and for the accommodation of the latter, and that the rights of no third party who has advanced

money upon the strength of the defendant's signature is involved in this controversy, and that the word agent was appended to the defendant's signature, we conclude that the defense insisted upon at the trial by the defendant was admissible and available to him for the purpose of showing that there was no consideration for the note in question as between the parties to this action. (*Murphy* v. *Keyes*, 39 Sup. Ct. R. [8 J. & S.], 18.) Story on Bills of Exchange (§ 187) the author says: 'The general rule is that the total or partial want, or failure of consideration, or the illegality of consideration, may be insisted upon as a defense or a bar between any of the immediate parties to a contract. Thus, for example, it is a good defense or bar to an action between those parties that the bill is a mere accommodation bill.' (Story on Promissory Notes, § 190; Chitty on Bills, pp. 68, 69; *Dowe* v. *Schutt*, 2 Den., 621.) The court remarks: 'An accommodation note is invalid in the hands of a person for whose benefit it was made.' (*Wheeler* v. *Billings*, 38 N. Y., 263; *Glenn* v. *Burrows*, 37 Hun, 602, 607.) · If this action were between the defendant and a third party, who had parted with value for the note, the case would be widely different. (*First National Bank of Whitehall* v. *Tisdale*, 18 Hun, 151.) Justice LEARNED remarks: 'The meaning of the words "accommodation paper" is well known. Where such paper is made and lent, the maker can defend against the borrower on the ground of want of consideration.' In that case, however, the note had been transferred, and the action was brought by a holder who had parted with value upon the faith of the signature, and it was held that, as between such parties, the defense of want of consideration was not available. (*Harger* v. *Worrall*, 69 N. Y., 370; *The Mechanics and Traders' N. B.* v. *Crow*, 60 id., 85; *Grant* v. *Ellicott*, 7 Wend., 227.) The cases referred to recognize the distinction before stated. The purpose for which the evidence was offered by the defendant, and received by the court, was to show the circumstances under which the note was executed by the defendant and accepted by the plaintiffs, with the view to establish as a fact that, as between these parties, there was no consideration for the note, for the reason that the defendant executed the same, at the request of the plaintiffs, and for their accommoda-

tion simply. In a controversy between the original parties to a note it is competent to show for what purpose the same was executed, and to inquire into the consideration and to show the relation which a party bore to the contract, whether as principal or surety. (*Millen* v. *McKenzie*, 95 N. Y., 575 ; *Hubbard* v. *Gurney*, 64 id., 458.) The judge, in his charge, submitted to the jury the real question involved, and clearly and fairly presented the same for their consideration as a question of fact for them to determine. The evidence given at the trial was such that the verdict should be sustained. (*Cheney* v. *N. Y. C. and H. R. R. R. Co.*, 16 Hun, 415.)

We have examined the exceptions to the charge of the judge, and to his refusals to charge, as requested by the plaintiffs, and discover no material error which calls for a reversal of the judgment, and the same must be affirmed, with costs."

*S. & L. M. Brown*, for the appellants.

*Waldo & McLaughlin*, for the respondent.

Opinion by INGALLS, J. ; LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.